# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BARR,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JEFFREY BEARD,<br><br>　　　　Respondent. | Case No. 1:15-cv-01080-SAB-HC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DENYING MOTION FOR DISCOVERY<br>(ECF No. 11, 12) |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF No. 4).  On August 6, 2015, Petitioner filed a motion for appointment of counsel and a motion for discovery.  (ECF No. 11, 12).

  There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).  However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  The court should only appoint counsel under "exceptional circumstances" and after evaluating the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

1       Petitioner argues that counsel should be appointed because he is unable to afford an
2 attorney, he is inexperienced in legal matters, and there is a lack of legal materials at the prison
3 law library.  Upon a review of Petitioner's petition and the motions filed in this case, the Court
4 finds that Petitioner has a sufficient grasp of his claims for habeas relief and the legal issues
5 involved, and that he is able to articulate those claims adequately at this time.  Petitioner's
6 conclusory claims relating to limited materials in the law library do not present exceptional
7 circumstances warranting the appointment of counsel at this time.  Furthermore, Petitioner does
8 not demonstrate a likelihood of success on the merits at this time such that his case should be
9 classified as an "exceptional circumstance."  See Weygandt, 718 F.2d at 954.  Therefore, in the
10 present case, the Court does not find that the interests of justice require the appointment of
11 counsel at the present time.

12       Petitioner also requests "discovery to collect evidence, the given factual evidence,
13 production, and the inspection of all claims given in the petition."  (ECF No. 11).  Although
14 discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a
15 showing of good cause.  Bracy v. Gramley, 520 U.S. 899, 904 (1997); McDaniel v. United States
16 Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th
17 Cir. 1997); Rule 6(a) of the Rules Governing Section 2254 Cases.  Good cause is shown "where
18 specific allegations before the court show reason to believe that the petitioner may, if the facts
19 are fully developed, be able to demonstrate that he is . . . entitled to relief."  Bracy, 520 U.S. at
20 908-09 (citing Harris v. Nelson, 394 U.S. 287 (1969).  Discovery will not be allowed so that the
21 petition can "explore [his] case in search of its existence," looking for new constitutional claims.
22 See Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999).  If good cause is shown, the extent
23 and scope of discovery is within the court's discretion.  See Rule 6(a) of the Rules Governing
24 Section 2254 Cases.

25       Here, Petitioner does not state any specific requests for discovery.  Petitioner has not
26 shown that if he obtains the requested discovery and the facts are fully developed, he will be able
27 to demonstrate that he is entitled to relief.  See Bracy, 520 U.S. at 908-09.  Therefore, as
28 Petitioner has not made any specific requests for discovery and has not shown good cause for

discovery, his motion must be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel is DENIED without prejudice and Petitioner's motion for discovery is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **August 11, 2015**

UNITED STATES MAGISTRATE JUDGE

3