# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BARR,<br>Petitioner,<br>v.<br>JEFFREY BEARD,<br>Respondent. | Case No. 1:15-cv-01080-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING<br><br>(ECF No. 14) |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 4).

On June 25, 2015, Petitioner filed the instant petition for writ of habeas corpus. Petitioner challenges his 2012 conviction in the Inyo County Superior Court. On August 19, 2015, Petitioner filed a motion for an evidentiary hearing. (ECF No. 14).

In Cullen v. Pinholster, the Supreme Court made clear that in determining whether an evidentiary hearing is warranted under 28 U.S .C. § 2254(e)(2), the court must consider the standards for habeas relief under section 2254(d). Cullen v. Pinholster, —— U.S. ——, ——, 131 S.Ct. 1388, 1399 (2011) (" '[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.' ") (quoting Schiro v. Landrigan, 550 U.S. 465,

474 (2007)). In other words, the process of determining whether an evidentiary hearing should be granted necessarily includes an analysis of both Sections 2254(d) and 2254(e)(2). See Landrigan, 550 U.S. at 474 ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.").

Here, the Court issued an order to respond and set a briefing schedule. (ECF No. 8). Respondent has not yet submitted his response to the petition. Once briefing is complete and the Court has had the opportunity to review the submissions by the parties, the Court will determine whether Petitioner overcomes 28 U.S.C. § 2254(d). In light of this analytical overlap and in the interests of judicial economy, the court finds that the most prudent approach is to defer a decision on whether an evidentiary hearing is appropriate until the court conducts a Section 2254(d) analysis. See Landrigan, 550 U.S. at 473 ("[T]he decision to grant an evidentiary hearing [is] generally left to the sound discretion of district courts. That basic rule has not changed.") (internal citations omitted). Therefore, petitioner's request for an evidentiary hearing is denied without prejudice and the court will address *sua sponte* whether an evidentiary hearing is warranted when the merits of the petition are considered.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for an evidentiary hearing is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **August 24, 2015**

UNITED STATES MAGISTRATE JUDGE