# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EVERT BARR,<br><br>    Petitioner,<br><br>    v.<br><br>JEFFREY BEARD,<br><br>    Respondent. | 1:15-cv-01080-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT<br>(ECF No. 18) |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254. On June 25, 2015, Petitioner filed a petition for writ of habeas corpus in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1). On July 14, 2015, the Magistrate Judge in the Sacramento Division transferred this action to this Court. (ECF No. 5). On July 24, 2015, this Court issued an order to respond and set a briefing schedule. (ECF No. 8). On September 21, 2015, Respondent filed an answer to the petition. (ECF No. 17). On September 28, 2015, Petitioner filed a motion for default judgment. (ECF No. 18).

Default judgments in habeas corpus proceedings are not available as a procedure to empty state prisons. Title 28, United States Code, Section 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." Section 2243 of Title 28, United States

Code provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." In <u>Townsend v. Sam</u>, 372 U.S. 293, 312, 83 S.Ct. 745 (1963), the Supreme Court said: "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution."  The failure of state officials to timely comply with the deadlines set by this Court does not relieve Petitioner of his burden of proof.  See <u>Bleitner v. Welborn</u>, 15 F.3d 652, 653 (7th Cir. 1994) (holding that Respondent's failure to timely respond to petition does not entitle Petitioner to default).

Here, Petitioner argues that Respondent has defaulted because he did not submit his response to the petition within the time period proscribed in the Court's order to respond. However, the Court's July 24, 2015 order to respond ordered Respondent to file a response to the petition within sixty days of the date of service of the order.  (ECF No. 8).  The order to respond was served on Respondent on July 24, 2015.  Respondent filed his answer to the petition on September 21, 2015, which is within sixty days of the date of service of the July 24, 2015 order to respond.  Therefore, Petitioner did comply with the time period proscribed in the Court's July 24, 2015 order to respond and the motion must be denied.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for default judgment is DENIED.

IT IS SO ORDERED.

Dated:   **October 1, 2015**

UNITED STATES MAGISTRATE JUDGE