# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD EVERT BARR,<br><br>    Petitioner,<br><br>    v.<br><br>JEFFREY BEARD,<br><br>    Respondent. | Case No. 1:15-cv-01080-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

In 2012, Petitioner was convicted in Inyo County Superior Court of oral copulation of a minor, oral copulation of an intoxicated person, and annoying and molesting a child. He was sentenced to a term of six years imprisonment.

On January 30, 2015, the California Court of Appeal, Fifth Appellate District, directed the trial court to correct its award of presentence credits. In all other respects, the court affirmed the convictions and sentence. People v. Barr, No. E058083, 2015 WL 401740, at *9 (Cal. Ct. App. Jan. 30, 2015). On April 15, 2015, the California Supreme Court denied the petition for

1

review. (LD[1] 20). Petitioner did not file any habeas petitions in state court.

On June 25, 2015, Petitioner filed the instant petition for writ of habeas corpus in this Court. (ECF No. 1). Respondent has filed an answer to the petition and Petitioner has filed a traverse (ECF Nos. 17, 20). Petitioner and Respondent have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 4, 7, 16).

Petitioner alleges that: (1) he was denied effective assistance of counsel; and (2) the prosecution failed to preserve and provide him with exculpatory evidence. (ECF No. 1 at 5, 7).[2]

## II.
## DISCUSSION

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). To provide the highest state court the necessary opportunity, the petitioner must "fairly present" the claim with "reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Duncan, 513 U.S. at 365; Gray v. Netherland, 518 U.S. 152, 162-63 (1996). See also Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).

Here, upon a review of the petition, it appears that Petitioner has not presented his claims to the California Supreme Court, and therefore, the petition is completely unexhausted. The petition raises several claims of ineffective assistance of trial counsel. Specifically, Petitioner asserts that his trial counsel was ineffective for: being prosecuted for drug use at the time of trial;

---

[1] "LD" refers to the documents lodged by Respondent on October 7, 2015.
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

failing to exclude a defense investigator who was the football coach of one of the victims; failing to exclude a prosecution witness whose wife/fiancée had romantic relations with Petitioner; failing to investigate and provide mitigating evidence that would contradict prosecution witness testimony; failing to call defenses witnesses; and failing to file a written motion pursuant to section 782 of the California Evidence Code to attack the credibility of witnesses. Petitioner also alleges that his due process rights were violated because law enforcement failed to stop one of the victims from deleting allegedly exculpatory text messages on his phone while in their presence and failed to obtain warrants to search Petitioner's home and collect DNA samples. However, the only claim raised in Petitioner's petition for review to the California Supreme Court was whether Petitioner was denied effective assistance of counsel when his trial attorney failed to obtain a jury instruction on the effect of voluntary intoxication on the ability of the defendant to form the knowledge requirement as to oral copulation of an intoxicated person and of a person under the age of eighteen. (LD 20).

If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1); O'Sullivan, 526 U.S. at 845 ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

## III.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which

the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed debatable, wrong, or deserving of encouragement to proceed further. Therefore, the Court declines to issue a certificate of appealability.

## IV.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The petition is DISMISSED without prejudice for failure to exhaust state remedies;
2. The Clerk of Court is DIRECTED to close the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **January 5, 2016**

UNITED STATES MAGISTRATE JUDGE